UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND T. BASSO, | No. C 10-1809 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| RANDY GROUNDS, warden, | |
| Respondent. | |

## INTRODUCTION

Raymond T. Basso, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Basso states in his petition that he is serving a sentence of 15 years to life on a 1981 conviction in San Diego County Superior Court for second degree murder. His petition does not challenge that conviction but instead challenges a March 3, 2009 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Basso filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Basso alleges in his petition that the BPH's decision violated his federal right to due process because it was not supported by sufficient evidence. Liberally construed, the petition states a cognizable claim for a violation of petitioner's rights under the Due Process Clause of the U.S. Constitution. He also asserts that the BPH's reliance on the inmate's "lack of insight" in 100% of parole denials shows "a pro forma policy in violation of state and federal constitutional due process protections" and shows a "mathematically demonstrated bias against granting parole to convicted murderers." Petition attachment, p. 7. This second claim is far from clear, but appears to be a claim for a due process violation based on a biased decision-maker. With that liberal construction, the claim does not appear to be patently frivolous and warrants a response. The state law claims are dismissed.

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**. Petitioner's traverse may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 30, 2010

SUSAN ILLSTON
United States District Judge