UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND T. BASSO,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS, warden,<br><br>    Respondent.<br>_____ / | No. C 10-1809 SI (pr)<br><br>**ORDER DENYING HABEAS PETITION** |

## INTRODUCTION

Raymond T. Basso filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed the petition, found that it stated two due process claims, and ordered respondent to show cause why the petition should not be granted. Respondent has moved to dismiss the petition, arguing that state court remedies were not exhausted for one of the claims in the petition. Basso has opposed the motion. Changes in the law since the filing of the petition and the motion require that the petition be denied.

## BACKGROUND

Basso states in his petition that he is serving a sentence of 15 years to life on a 1981 conviction in San Diego County Superior Court for second degree murder. His petition does not challenge that conviction but instead challenges a March 3, 2009 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Basso filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

1    The court reviewed the petition and found that it stated cognizable claims that (1) the BPH's decision violated his federal right to due process because it was not supported by sufficient evidence, and (2) he was denied due process because the BPH was a biased decision-maker. The latter claim was the court's understanding of petitioner's claim that alleged that the BPH's reliance on the inmate's "lack of insight" in 100% of parole denials shows "a pro forma policy in violation of state and federal constitutional due process protections" and shows a "mathematically demonstrated bias against granting parole to convicted murderers." Petition attachment, p. 7.

In his motion to dismiss, respondent identifies a third claim in the petition, i.e., an <u>ex post facto</u> challenge to Proposition 9.[1] Basso agrees in his opposition that he is making an <u>ex post facto</u> challenge is in his petition. The parties disagree as to whether Basso exhausted state court remedies for it.

## DISCUSSION

A.    The *Ex Post Facto* Claim

The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (citations omitted).

---

[1] Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," modified the availability and frequency of parole hearings, see <u>Gilman v. Schwarzenegger</u>, No. 10-15471, slip op. 1339, 1346 (9th Cir. Jan. 24, 2011), and can result in a much greater length of time between parole hearings.

2

Respondent argues that state court remedies were not exhausted for the ex post facto claim because Basso never presented the claim to the California Supreme Court. Basso agrees that he did not present the claim to the California Supreme Court but argues that he didn't need to do so because he is a member of the plaintiffs' class in the Gilman v. Schwarzenegger civil rights class action in which Proposition 9 is being challenged as, among other things, being an ex post facto law. He provides no legal authority for this novel argument. Further, his efforts to liken his situation to that in Gilman by suggesting that the need for exhaustion of state court remedies was excused in Gilman is unpersuasive because Gilman is a civil rights action and not a habeas action. The exhaustion of state court remedies doctrine applies only to habeas actions, which this action is. The court concludes that state court remedies have not been exhausted for the claim.

Normally, the court would allow the petitioner to choose how to deal with an unexhausted claim, but that is not necessary in this case because Basso stated in his opposition that, if the court determines that the claim was unexhausted, the unexhausted claim should be dismissed. See Opposition, p. 2. Accordingly, the ex post facto claim is dismissed from this action pursuant to petitioner's conditional request.[2]

B.   Due Process Claims

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"

---

[2] Even if state court remedies had been exhausted for this claim, it likely would fail in light of the Ninth Circuit's recent rejection of the ex post facto challenge to Proposition 9 in Gilman v. Schwarzenegger, slip op. at 1346. In Gilman, the Ninth Circuit reversed the district court's order granting a preliminary injunction in plaintiffs' favor. The court observed that the plaintiffs could not succeed on the merits of their ex post facto challenge to Proposition 9 unless (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates, or (2) the plaintiffs can demonstrate, by evidence drawn from Proposition 9's practical implementation, that its retroactive application will result in a longer period of incarceration than under the prior law. Gilman, slip op. at 1349. The court noted that the changes required by Proposition 9 appeared to create a significant risk of prolonging the plaintiffs' incarceration, but concluded that the availability of advance hearings to the board precluded relief because such availability sufficiently reduced the risk of increased punishment for prisoners under the standard set out in Garner. See id. at 1353-57.

1  Swarthout v. Cooke, No. 10-333, slip op. 1, 4 (U.S. Jan. 24, 2011) (citations omitted.)   The
2  court may not grant habeas relief for state law errors. Id.

3        For purposes of federal habeas review, a California prisoner is entitled to only "minimal"
4  procedural protections in connection with a parole suitability determination.  The procedural
5  protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth
6  Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement
7  of the reasons why parole was denied.  See id. at 4-5.  The Court explained that no Supreme
8  Court case "supports converting California's 'some evidence' rule into a substantive federal
9  requirement," id. at 5, and the Ninth Circuit erred in holding otherwise.

10       In light of the Supreme Court's determination that the procedural protections that have
11 been recognized by that Court as constitutionally-mandated for a parole applicant are an
12 opportunity to be heard and a statement of reasons for the denial of parole, Basso's claims must
13 be rejected.  There is no "clearly established Federal law, as determined by the Supreme Court
14 of the United States," 28 U.S.C. § 2254(d), supporting his claims that his right to due process
15 was violated by the alleged insufficiency of the evidence and biased decision-maker.  Therefore,
16 the state court's rejection of his claims cannot be said to be a decision that is "contrary to, or
17 involved an unreasonable application," of such law.  28 U.S.C. § 2254.

18

19 C.    Certificate of Appealability

20       A certificate of appealability will not issue because petitioner has not made "a substantial
21 showing of the denial of a constitutional right." 28 U.S.C. §  2253(c)(2).  This is not a case in
22 which "reasonable jurists would find the district court's assessment of the constitutional claims
23 debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

24 / / /
25 / / /

4

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is GRANTED. (Docket # 4.) Pursuant to petitioner's conditional request, the ex post facto claim is dismissed from this action. The remaining due process claims are foreclosed by Cooke. Accordingly, the petition is DENIED on the merits.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: February 8, 2011

SUSAN ILLSTON
United States District Judge